Steven Lynn KAY, dba Gary Apartments,
Plaintiff and Appellant,

v.

Joseph Brent WOOD, Defendant and
Respondent,

v.

Steven Lynn KAY et al., Third-Party
Defendants and Appellants.

No. 14197.

Supreme Court of Utah.

May 7, 1976.

Gary D. Stott, of Stott, Young & Wilson, Provo, for plaintiff-appellant.

S. Rex Lewis, of Howard, Lewis & Petersen, Provo, for defendant-respondent.

TUCKETT, Justice:

Plaintiff filed his complaint in the District Court of Utah County for the purpose of forfeiting the interest of the defendant in a real estate contract entered into between the plaintiff and defendant. The plaintiff appeals from that part of the court's decision which dealt with the provisions of a contract relating to forfeiture and liquidated damages. The defendant cross-appeals from a finding of the trial court allowing the plaintiff certain credits as an offset in arriving at its judgment.

On July 10, 1971, the parties entered into a uniform real estate contract wherein the defendant was the buyer of certain apartments located in Ephraim, Utah. The purchase price for the defendant's equity in the property was the sum of $12,000 payable in two equal payments, the first to be made at the time of execution of the contract. The first payment was made, and the defendant went into possession. Thereafter the defendant made improvements on the property in the amount of $5,802.30, and paid the sum of $14,846 to the holder of the mortgage. In July 1972, the defendant informed the plaintiff that he was unable to make the second payment of $6,000, and on August 23, 1972, the plaintiff initiated these proceedings to forfeit the defendant's interests in the property. Defendant defended on the basis that he had been induced to buy the property by the plaintiff's misrepresentations.

A trial was had upon the issues and the court found in favor of the plaintiff and entered judgment thereon. Later the court granted a motion for a new trial and a further hearing was had at which time the court made and entered findings of fact and conclusions of law. The amended findings recited payments made by the defendant upon the contract, payments made to the mortgage holder, and that permanent improvements had been made to the property in the sum hereinabove mentioned. The court further found that the reasonable market value of the property as of the time of its repossession was the sum of $132,000, which was approximately $7,000 more than the contract price. The court concluded that to enforce the forfeiture provisions of the contract would be unconscionable, and that the defendant was entitled to judgment against the plaintiff in the sum of $4,663.05. The court did forfeit the rights of the defendant in the property and concluded that the plaintiff was entitled to full and complete possession thereof.

Two issues are raised on appeal: The plaintiff contends that the lower court erred in declining to enforce the forfeiture provisions of the contract and in finding that it would be unconscionable for the plaintiff to retain all of the payments made by the defendant as well as the costs of improvements. Defendant cross-appeals and states that the court below erred in allowing the plaintiff improper credit as an offset to the monies paid to the plaintiff by defendant.

■■■ This court has long been committed to the rule that parties to a contract may agree as to the amount of liquidated damages that shall be paid in the case of a breach, that the agreement is enforceable if the amount stipulated to is not disproportionate to the damages actually sustained. The provision in a contract for the sale of real property that all payments which have been made will be forfeited as liquidated damages will not be enforced if the forfeiture would be grossly excessive and disproportionate to any possible loss so as to shock the conscience.[1] A transcript of the evidence was not included in the record on appeal, and we cannot determine whether or not it was error for the court below to conclude that it was unconscionable for the plaintiff to retain all of the payments and the value of the improvements made. Likewise without a transcript we are unable to determine whether or not the court below erred in allowing the plaintiff certain credits as an offset, which the defendant claims to be improper. The findings of the court support its judgment, and that judgment is affirmed. No costs awarded.

HENRIOD, C. J., and CROCKETT, J., concur.

ELLETT, Justice (dissenting).

I dissent. This is an equitable proceeding and we are permitted to review both the law and the facts.[1]

1. *Perkins v. Spencer*, 121 Utah 468, 243 P. 2d 446; *Jacobson v. Swan*, 3 Utah 2d 59, 278 P.2d 294.

1. Article VIII, Section 9, Utah Constitution.

While the complete record is not before us, there is, in my opinion, enough of the facts to enable us to see the error in the judgment as made. Those facts show that Mr. Kay only claimed $5,000 as damages: "The sale of the apartments to Wood was for $125,000.00. Plaintiff had purchased the apartments for $120,000.00. If Wood had continued to pay on the contract as he agreed to, I would have received $5,000.00."[2]

The facts set out in the main opinion show the benefits received by Mr. Kay:

| | |
|---|---|
| Down payment—cash | $ 6,000.00 |
| Paid on Mortgage | 14,846.00 |
| Improvements made to the property | 5,802.30 |
| Total paid to or for the benefit of Mr. Kay | $26,648.30 |

Of the $14,846 paid on the mortgage which Kay would have had to pay had it not been for the sale, $4,663.05 was applied to a reduction of the mortgage and it was this sum which the court allowed to Mr. Wood when it cancelled his contract.

| | |
|---|---|
| The benefits to Kay were | $26,648.30 |
| Less award to Wood | 4,663.05 |
| | $21,985.25 |

In addition thereto ,Wood paid taxes of $1,400 and insurance amounting to $388.

2. Answer to interrogatories.

3. Perkins v. Spencer, 121 Utah 468, 243 P.2d 446 (1952).

The net income of Mr. Wood before the expenses of debt service was $7,294.96.

| | |
|---|---|
| The forfeiture would then be: | $21,985.25 |
| Less net income | 7,294.96 |
| Net amount of forfeiture: | $14,690.29 |

There was no loss of bargain for the reason that the court found the fair market value of the property to be $132,000 at the time of repossession which was $7,000 more than the contract price. This $14,690.29 forfeiture just seems to me to be so unjust that I cannot subscribe to such a judgment. To allow a forfeiture of all amounts paid to and on behalf of Mr. Kay as well as giving the property back to him in an improved condition seems unconscionable to me.[3].

In the case of *Jacobson v. Swan*,[4] this court in speaking of a contract provision relating to liquidated damages said:

The parties have a right to so contract and such right should not be lightly interfered with. It is only when the forfeiture would be so grossly excessive as to be entirely disproportionate to any possible loss that might have been contemplated, so that to enforce it would shock the conscience, that a court of equity will refuse to enforce the provision.

My conscience is shocked. I would reverse the judgment and remand the case for a new trial.

MAUGHAN, Justice, concurs in the views expressed in the dissenting opinion of Mr. Justice ELLETT.

4. 3 Utah 2d 59, 278 P.2d 294 (1954).